CURTIS SNOWDEN, III   F-58663
Name and Prisoner/Booking Number

~~GSP-SACRAMENTO~~ Salinas Valley St Prison
Place of Confinement

P.O. BOX ~~290066~~ 1050
Mailing Address

~~Soledad~~ 93960
~~REPRESA~~, CALIFORNIA ~~95671~~
City, State, Zip Code

FILED
AUG 15 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS LEE SNOWDEN, III
(Full Name of Plaintiff)           Plaintiff,

v.

(1) SCOTT
(Full Name of Defendant)
(2) JONES
(3) YANG
(4) ARNETT
                  Defendant(s).
☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:22-CV 1444 ⸺ DB PC
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

Jury Trial Demanded
☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: CALIFORNIA STATE PRISON-SACRAMENTO

Revised 3/15/2016                         1

## B. DEFENDANTS

1. Name of first Defendant: __A. SCOTT (Male)__. The first Defendant is employed as: __CORRECTIONAL OFFICER__ at __CSP-SACRAMENTO__.
   (Position and Title)            (Institution)

2. Name of second Defendant: __JONES and (Male)__. The second Defendant is employed as: __CORRECTIONAL OFFICER 2nd Watch__ at __CSP-SACRAMENTO__.
   (Position and Title)            (Institution)

3. Name of third Defendant: __YANG (Heavyset Male)__. The third Defendant is employed as: __CORRECTIONAL OFFICER__ at __CSP-SACRAMENTO__.
   (Position and Title)            (Institution)

4. Name of fourth Defendant: __N. ARNETT__. The fourth Defendant is employed as: __PSYCHIATRIC TECHNICIAN__ at __CSP-SACRAMENTO__.
   (Position and Title)            (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☒ Yes   ☐ No

2. If yes, how many lawsuits have you filed? __2__. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: __SNOWDEN__ v. __PRADA, ET AL__
      2. Court and case number: __U.S.D.C. CENTRAL DISTRICT__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __DISMISSED (FAILURE TO EXHAUST); NOT APPEALED__

   b. Second prior lawsuit:
      1. Parties: __SNOWDEN__ v. __YULE, ET AL__
      2. Court and case number: __U.S.D.C. EASTERN DISTRICT 2:17-CV-02167-TLN__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __OPPOSITION TO SUMMARY JUDGEMENT FILED 4/21; PENDING RULING__

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

# CLAIM II

1. State the constitutional or other federal civil right that was violated: <u>EIGHT AMENDMENT RIGHT TO RECEIVE MEDICAL CARE.</u>

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   (SEE SUPPORTING FACTS, PG.5)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   (SEE INJURY, PG.7)

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim II?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

#3

## E. REQUEST FOR RELIEF

State the relief you are seeking:
1) Issue A Declaratory Judgment
2) Award Plaintiff Monetary Damages, Compensatory And Punitive;
3) Award A Jury Trial
4) Award Plaintiff The costs Of Suit; And
5) Award such Other And Further Relief As The Court Deems Just And Proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 25, 2022
           DATE

SIGNATURE OF PLAINTIFF

_____N/A_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


(Signature of attorney, if any)


(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

## SUPPORTING FACTS Cont.

1. At All Times Relevant To This Complaint, Plaintiff Was Being Treated In A Mental Health Program, At The Enhanced Outpatient Program (EOP) Level Of Care; Housed At The California State Prison (CSP) Sacramento, In Building 3, Cell 224 On The "A" Yard Facility, In Represa California.

2. Plaintiff, On 3-12-21, Started Exhibiting Symptoms Of A Mental Health Crisis, Induced By Being Treated Unfairly, And Harrassed.

3. During This Crisis, Plaintiff Had Thoughts Of Harming Himself, And Began Cutting On His Arm With A Piece Of A Soda Can.

4. Plaintiff Then Attempted To Get Help By Telling Inmates Eric Brown And Justin Parham, Who Were Building Porters, To Relay To The Control Booth Officer A. Scott That I Was Suicidal And Cutting My Arm.

5. Plaintiff Observed Scott Tell Defendant's Yang And Jones This Information, And Even Went As Far As To Look Up At Plaintiff's Cell Door, But Refused To Verify Relevant Facts, And Figure Out Whether A Substantial Risk Of Serious Harm Really Existed.

6. Approximately About An Hour Later, After Plaintiff's Continuous Cutting, Defendant Jones Came To Plaintiff's Door And Told Plaintiffs' Roomate Paul Lynch That Her And Plaintiff Didn't Have Anything Coming And That He Did Not Care If Her And Plaintiff Killed Themselves. (It Shall Be Noted That Defendant Jones Could Not See Plaintiff. Nor Did He Try To Conduct A Welfare Check Physically Or Verbally)

5

7. Plaintiff continued to cut himself while his roommate continued to try and stop him as well as call for help.

8. Plaintiff and Lynch both told inmate R. Oremus to tell Psychiatric Technician (PT) N. Arnett that Plaintiff was suicidal and needed medical attention.

9. Oremus came back and told Plaintiff that Arnett said that Defendants' Yang and Jones told him to NOT go to Plaintiff's door, or to conduct/fill out a Medical Report of Injury or Unusual Occurrence (7219) as the Title 15 California Code of Regulations and the Department Operations Manual instructs.

10. About 8 P.M. (give or take a few minutes), Arnett and Yang approached Plaintiff's door for the 8 o'clock Medication Pass. At this time Plaintiff showed both Yang and Arnett his whole arm, which he bandaged himself with the visual sign of blood stains, and leakage through the bandages.

11. Plaintiff angrily asked both of the Defendants why were they blatantly refusing to respond to his serious medical needs and that he was feeling suicidal.

12. Plaintiff heard Defendant Arnett look at Yang and say, "We gotta pull him out"

13. Plaintiff refused his medication, and then watched the staff leave.

14. At approximately 9 P.M. both Defendants Yang and Jones went to Plaintiff's door for the institutional count. Both Plaintiff and his cellmate had boarded up their windows

1. To Attempt To Get The staff To call For Help, Especially Beause, Both Were In The Cell Unresponsive.

15. Jones Called For Scott To Crack open Plaintiff And His Roomates Door To Only Conduct Count. Plaintiff And Lynch Were Completely In The Dark Behind A Curtain And Unresponsive.

16. Jones And tang Proceeded To Finish Their Count, Violating Policy By Not/Failing To Respond Reasonably To The Plaintiff's Serious Medical Needs.

17. Plaintiff Was So Distraught That He Took The Soda Can Piece And Began Cutting Himself For About 2 More Minutes Out Of The Sight Of His Cellie.

## CAUSES OF ACTION

18. The Allegations Contained In Paragraphs 1 Through 17, Inclusively, Are Hereby Incorporated By Reference.

19. Defendants Scott, Arnett, tang, And Jones Violated Plaintiffs' Eighth Admendment Right To Be Free From Cruel And unusual Punishment By Failing To Respond To Plaintiff's Threats Of Self Harm And By Failing To Take Reasonable Measures To Abate It, And The Pain That He Experienced Thereafter

20. These Defendants Failures To Respond To Plaintiff And The Assistance Of Other Inmates Alleged Here In Are In Violation Of 42 U.S.C §1983 Because They Have Deprived Plaintiff Of His Constitutional Right To Adequate Medical Care.

21. Defendants All Acted Under Color Of State Law

22. Defendants All Knew That Their Conduct, Attitudes And Inactions Of Reasonable Measures Created And Maintained An Unreasonable Risk Of Serious Harm To Plaintiff, As Well As

7

1. Subjecting Plaintiff To The Wanton And Unnecessary Infliction Of Pain.

23. The Actions And Inactions Of All Defendants Alleged Herein Demonstrate Deliberate Indifference To Plaintiff's Eighth Amendment Rights, And Subjects Him To The Wanton And Unnecessary Infliction Of Pain.

24. As A Proximate Result Of The Defendant's Violation Of Plaintiff's Right To Be Free From Cruel And Unusual Punishment While He Was Housed At CSP-Sacramento, Plaintiff Has Suffered Pain And Irreparable Harm.

25. As A Direct And Foreseeable Result Of The Defendants Denying Plaintiff Medical Care/Mental Health Care, In Violation Of The Eighth Amendment, Plaintiff Has Suffered, Is Suffering And Will Continue To Suffer Physical Injuries In The Form Of Cuts To His Left Forearm (Over 30 Slashes), Mental Injuries In The Form Of Anguish, Anxiety And Strain, Permanent Scars, And Other Injuries.

26. As A Direct And Foreseeable Result Of The Defendants Denying Plaintiff Medical/Mental Health Care, Plaintiff Has Suffered, Is Suffering And Will Continue To Suffer Injuries In The Form Of Pain And Suffering, Humiliation, Emotional Distress, Mental Distress And Other Injuries.

27. An Actual Controversy Does NOT Exist Between Plaintiff And Defendant Concerning Their Rights, Privilege And Obligations Because The Defendants Admit (Within The Administrative Remedies) That CDCR Policy Was Violated.

28. Defendant's Acts And Inactions Were Willful, Intentional, Malicious, Wanton, And Dispicable In Conscious Disregard Of Plain-

tiff's Rights, Entitling Plaintiff To An Award Of Compensatory And Punitive Damages.

29. All Defendants Are Sued In Their Individual Capacities

## PRAYER FOR RELIEF

30. Wherefore, Plaintiff Respectfully Prays For Relief As Follows:

1. Issue A Declatory Judgement That The Defendants Actions Complained Of Herein violate Plaintiff's Rights Under The U.S. Constitution And As Otherwise Alleged Herein;

2. Award Plaintiff Monetary Damages, Compensatory And Punitive As Follows

A. Compensatory Damages In The Following Amounts: $10,000 Jointly And Severally ~~$ ~~~~~~~~~~~~~~ Against Defendants Scott, Arnett, tang And Jones For The Physical, Mental And Emotional Injuries Sustained As A Result Of The Plaintiff Being Denied Medical And Mental Care.

B. Punitive Damages In The Following Amounts: $8,000 Jointly And Severally Against Defendants Scott, Arnett, tang And Jones

3. Grant Other Such Relief As It May Appear That Plaintiff Is Entitled.

(It Shall Be Noted That Plaintiff Is Willing To Settle For $4,500 Because He Paroles In 5 Months).

Date: July 28, 2022          Respectfully Submitted

                             *[signature]*
                             Curtis Snowden