UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS SNOWDEN, III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. SCOTT, et al.,<br><br>　　　　Defendants. | No.  2:22-cv-1444 DJC SCR P<br><br><br>ORDER |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds with claims under the Eighth Amendment against defendants Scott, Jones, and Yang.  (See ECF No. 5.)  A motion to compel discovery responses filed by certain defendants is before the court.  The court will grant that motion.

**DEFENDANTS' MOTION TO COMPEL**

On January 10, 2025, defendants Scott and Jones filed a motion to compel plaintiff's responses to defendant Jones's interrogatories, and defendant Scott's requests for production. (ECF No. 46.)  Defendants Scott and Jones claim plaintiff failed to provide any responses to their discovery requests, even after they attempted to meet and confer with plaintiff by letter.  (Id.; Declaration of J. Nygaard ("Nygaard Decl.") ¶¶ 2-5, ECF No. 46-1 at 1-2.)  Defendants Scott and

///

1

1  Jones also ask the court to award them $285 for expenses incurred in preparing the motion to
2  compel.  (ECF No. 46; Nygaard Decl., ¶ 5, ECF No. 46-1 at 2.)
3      Plaintiff did not timely oppose defendants' motion.  On February 11, 2025, the
4  undersigned issued an order to show cause directing plaintiff to file, within 21 days, a response to
5  defendants' motion to compel and a statement explaining why he was unable to submit a timely
6  response.  (ECF No. 48.)  The court advised plaintiff that it will deem a failure to respond to
7  defendants' motion or to show good cause for his failure to file the response on time "a waiver of
8  any opposition to defendants' motion."  (Id. at 1.)
9      Plaintiff has not filed a response to defendants' motion to compel or to this court's order
10  to show cause.  Accordingly, pursuant to Local Rule 230(*l*), the court deems plaintiff's failure a
11  waiver of opposition and grants defendants' motion to compel.  Plaintiff shall respond to
12  Defendant Jones's interrogatories and Defendant Scott's request for production of documents
13  within fifteen (15) days from the date of this order.  In the event plaintiff does not timely comply,
14  defendants may move for sanctions, including terminating sanctions.
15      Plaintiff is further ordered to pay Defendants $285 as the expenses reasonably incurred by
16  Defendants in preparing their motion to compel.  See Warren v. Guelker, 29 F.3d 1386, 1390 (9th
17  Cir. 1994) (a court cannot decline to impose sanctions simply because a plaintiff is proceeding
18  pro se).  However, the Court will stay enforcement of the fee assessment given that Plaintiff is
19  proceeding in forma pauperis, pending a representation of Plaintiff's ability to pay.  See Thomas
20  v. Gerber Prod., 703 F.2d 353, 357 (9th Cir. 1983) (holding that it is an abuse of discretion to
21  order a sanction that cannot be performed); Shabazz v. Giurbino, No. 1:11-cv-1558 DAD SAB
22  PC, 2016 WL 4992684, at *3 (E.D. Cal. Sept. 19, 2016) (staying enforcement of $340 discovery
23  sanction against plaintiff proceeding in forma pauperis).

**CONCLUSION**

25  Accordingly, IT IS HEREBY ORDERED:
26  1. Defendants Scott's and Jones' motion to compel (ECF No. 46) is granted.
27  2. Plaintiff shall respond to Defendant Jones's interrogatories and Defendant Scott's
28  request for production of documents within fifteen (15) days from the date of this order.  In the

event plaintiff does not timely comply, defendants may move for sanctions, including terminating sanctions.

3. Defendants Scott's and Jones' request for attorneys' fees in the amount of $285 is granted.

4. The order assessing reasonable attorneys' fees in the amount of $285 is stayed.  At any time prior to the termination of this action, defendants Scott and Jones may move to lift the stay and enforce the order of expenses upon a showing that plaintiff can pay $285.

DATED: March 27, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3