UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS SNOWDEN III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. SCOTT, et al.,<br><br>　　　　Defendants. | No.  2:22-cv-01444 DJC SCR P<br><br><br>ORDER |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  Before the court is defendant Yang's ex parte application to modify the discovery and scheduling order.  (ECF No. 45.)  For the reasons described below, defendant's application is denied.  However, the court orders defendant Yang to file a brief within fourteen (14) days addressing his standing to seek dismissal pursuant to defendants Jones' and Scott's pending motion for terminating sanctions (ECF No. 53).

**PROCEDURAL BACKGROUND**

**I.     Plaintiff's Complaint**

This case proceeds on plaintiff's complaint filed on August 15, 2022.  (ECF No. 1.)  The complaint names Correctional Officers A. Scott, Jones, and Yang, as well as Psychiatric Technician N. Arnett, as defendants.  (Id.)  As screened in by the previously assigned magistrate judge, plaintiff's complaint stated a cognizable Eighth Amendment deliberate indifference to

1

serious medicals needs claim against all four defendants. (ECF No. 5.)

## II. Defendant Arnett

Defendant Arnett filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 8, 2022. (ECF No. 38.) After plaintiff did not file a timely response to defendant Arnett's motion or show cause for his failure to do so, District Judge Calabretta dismissed defendant Arnett from the action pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute. (ECF No. 47.)

## III. Defendants Scott and Jones

Defendants Scott, Jones, and Yang answered the complaint on August 22, 2024. (ECF Nos. 39, 40.) On December 12, 2024, the undersigned issued a discovery and scheduling order ("DSO") setting a discovery deadline of April 16, 2025, and requiring all pretrial motions be filed by July 16, 2025. (ECF No. 45.)

On January 10, 2025, defendants Scott and Jones filed a motion to compel plaintiff's responses to defendant Jones's interrogatories, and defendant Scott's requests for production. (ECF No. 46.) On March 27, 2025, the undersigned granted their motion and ordered plaintiff to respond to their discovery requests within fifteen days. (ECF No. 49.)

Defendants Scott and Jones moved for terminating sanctions on April 21, 2025, after plaintiff allegedly failed to comply with the court's order. (ECF No. 53.) That motion is not yet fully briefed.

## IV. Defendant Yang

Defendant Yang filed a motion to compel plaintiff's discovery responses on April 9, 2025. (ECF No. 50.) That motion is also not yet fully briefed.

**DEFENDANT YANG'S EX PARTE APPLICATION TO MODIFY THE DSO**

## I. Ex Parte Application

On April 16, 2025, Defendant Yang filed the instant ex parte application to modify the DSO. (ECF No. 52.) In support, Yang states that plaintiff's failure to serve any responses has caused a delay in this case, including a delay in the setting of plaintiff's deposition, and asks that (1) the discovery cutoff be extended by three months to July 16, 2025; and (2) the deadline for

filing pretrial motions be extended by three months to October 16, 2025.  (Declaration of Martin Kosla ("Kosla Decl.") ¶ 22-23, ECF No. 52-1 at 4.)  Defendant Yang contends the extensions will benefit plaintiff, given that he has not been actively proceeding his lawsuit.  (Id., ¶ 24.)  Defendants Scott and Jones do not oppose defendant Yang's request.  (Id., ¶ 25.)

## II.   Legal Standard

Under Rule 16(b) of the Federal Rules of Civil Procedure, "good cause" is required for modification of a court's pretrial scheduling order.  Fed. R. Civ. P. 16(b)(4).  Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."  Zivokovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).  In determining whether good cause exists to reopen discovery, courts may consider a variety of factors, such as: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.  U.S. ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), vacated on other grounds, 520 U.S. 939 (1997).

## III.  Discussion

The court finds that defendant Yang has not established the diligence necessary to extend the discovery and dispositive motion deadlines.  Defendant propounded discovery on plaintiff on July 24, 2024, and again on August 22, 2024 (Kosla Decl. ¶¶ 11, 14) yet did not seek to compel responses until April 9, 2025.[1]  (ECF No. 50.)  Defendant's ex parte application is silent as to his efforts to obtain discovery prior to seeking judicial intervention.

Moreover, given that plaintiff is not actively pursuing his case, a three-month extension is

---

[1] By comparison, defendants Jones and Scott, who are subject to the same DSO, moved to compel plaintiff's discovery responses on January 10, 2025.  (See ECF No. 46.)

1  likely futile.  In fact, it appears from the Docket that plaintiff has not participated in this action
2  since the parties' settlement conference on April 23, 2024.  (See ECF No. 35.)  Plaintiff has not
3  submitted a change of address since then, and there is no indication on the Docket that any of his
4  mail was returned.

5  Accordingly, defendant Yang's ex parte application is denied.  However, as discussed
6  above, defendants Scott and Jones have moved to terminating sanctions pursuant to Rule
7  37(b)(2)(A) due to plaintiff's refusal to comply with the court's order dated March 28, 2025,
8  compelling plaintiff's discovery responses.  (ECF No. 53.)  Their motion seeks dismissal of the
9  entire action (see id. at 3) yet does not address the court's authority to dismiss defendant Yang as
10 the non-propounding party.

11 Under Rule 37(b)(2)(A)(v), which provides for terminating sanctions, district courts have
12 discretion to order dismissal against all defendants prejudiced by a plaintiff's discovery
13 violations.  See Payne v. Exxon Corp., 121 F.3d 503, 510 (9th Cir. 1997); see also Coronado v.
14 Nat'l Default Servicing Corp., No. 1:15-cv-1844 MCE SKO, 2017 WL 1356028, at *3 (E.D. Cal.
15 Apr. 6, 2017) (dismissing case against all defendants under Payne on upon reconsideration of
16 earlier motion dismissing only the propounding defendants).  Thus, the court finds it would
17 benefit from hearing from defendant Yang.  Within fourteen (14) days from the date of this order,
18 defendant Yang shall file a brief of no more than ten (10) pages addressing his standing to seek
19 terminating sanctions pursuant to defendants Jones' and Scott's motion.  Plaintiff may file an
20 optional response within fourteen (14) days of service of defendant Yang's brief.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Yang's ex parte application to modify the DSO (ECF No. 52) is denied.
2. Within fourteen (14) days of the date of this order, defendant Yang shall submit a brief of no more than ten (10) pages addressing his standing to seek dismissal from the action pursuant to defendants Jones' and Scott's motion for terminating sanctions (ECF No. 53).

////

////

3.  Plaintiff may file an optional response within fourteen (14) days of service of defendant Yang's brief.

DATED: April 23, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE