1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CURTIS SNOWDEN, III,                    No.  2:22-cv-01444 DJC SCR P

12              Plaintiff,

13        v.                                 ORDER AND FINDINGS &
                                             RECOMMENDATIONS
14   A. SCOTT, et al.,

15              Defendants.

16

17        Plaintiff is a former state prisoner proceeding pro se and in forma pauperis with a civil

18   rights action under 42 U.S.C. § 1983.  Before the court is defendant Scott's and Jones' motion for

19   terminating sanctions.  (ECF No. 53.)  For the reasons set forth below, the undersigned

20   recommends that defendants' motion be granted and that the action be dismissed against all

21   defendants pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v).

22                        **PROCEDURAL BACKGROUND**

23        **I.    Complaint and Screening**

24        This case proceeds on plaintiff's complaint filed on August 15, 2022. (ECF No. 1.)  The

25   complaint names as defendants Correctional Officers A. Scott, Jones, and Yang, and Psychiatric

26   Technician N. Arnett.[1]  (Id. at 2.)  Plaintiff, a former inmate at California State Prison,

27

28   _____
     [1] Defendant Arnett was subsequently dismissed from the action.  (See ECF No. 47.)

                                         1

1    Sacramento, alleged that defendants refused to help him after another inmate informed them that

2    plaintiff was suicidal and harming himself.  (Id. at 5.).  As screened in by the previously assigned

3    magistrate judge, plaintiff's complaint stated a cognizable Eighth Amendment deliberate

4    indifference to serious medicals needs claim against all four defendants. (ECF No. 5.)

5          **II.     Defendants Jones' and Scott's Motion to Compel**

6         On October 4, 2024, defendant Jones propounded a first set of interrogatories (ECF No.

7    46-2) on plaintiff.  (ECF No. 46-2.)  The interrogatories pertained to the evidence supporting

8    plaintiff's claim as well as the injuries and damages he allegedly suffered.  (See id. at 4-5.)  On

9    the same day, defendant Scott propounded a first set of requests for production ("RFPs") on

10   plaintiff.  (ECF No. 46-3.)  The RFPs sought information related to plaintiff's medical and mental

11   health treatment, as well as his efforts to administratively exhaust his claim.  (Id. at 3-4.)  Per the

12   court's discovery and scheduling order, responses to defendants' requests were due November 7,

13   2024.  (Declaration of J. Nygaard ("Nygaard Decl.") ¶ 2, ECF No. 46-1 at 1.)

14        Defendants Jones and Scott did not receive any response from plaintiff to their discovery

15   requests or their counsel's attempts to meet and confer.  (Nygaard Decl. ¶3, ECF No. 46-1 at 3.)

16   On January 10, 2025, defendants Scott and Jones filed a motion to compel plaintiff's responses to

17   both discovery requests.  (See ECF No. 46.)  Plaintiff did not submit a timely response to

18   defendants' motion or respond to the court's order to show cause (ECF No. 48).  On March 27,

19   2025, the undersigned granted Jones' and Scott's motion and ordered plaintiff to respond to their

20   discovery requests within fifteen days. (ECF No. 49.)  The order advised that defendants may

21   move for sanctions, including terminating sanctions, in the event plaintiff does not comply.[2]  (Id.

22   at 2-3.)

23        Defendants Scott and Jones then moved for terminating sanctions on April 21, 2025.

24   (ECF No. 53.)  Defendants Scott and Jones stated that, to date, they had not received any response

25   from plaintiff to their discovery requests.  (Declaration of J. Nygaard ("Second Nygaard Decl.") ¶

26   2), ECF No. 53-1 at 1.)  Plaintiff did not file a response to defendants' motion.

27
_____

28   [2]  The court also granted Scott's and Jones' request for attorneys' fees in the amount of $285, but
     stayed enforcement given that Plaintiff is proceeding in forma pauperis.  (ECF No. 49 at 2.)

1

**DEFENDANTS' MOTION FOR TERMINATING SANCTIONS**

2      **I.      Defendant Yang's Standing**

3           On April 9, 2025, defendant Yang filed his own motion to compel plaintiff's discovery

4    responses and an ex parte application to modify the court's scheduling and discovery order.  (ECF

5    Nos. 50, 52.)  Several days later, defendants Jones and Scott's filed their motion for terminating

6    sanctions.  (ECF No. 53.)  The court denied defendant Yang's ex parte application but requested

7    briefing on whether defendant Yang has standing to seek terminating sanctions pursuant to

8    defendants Jones' and Scott's motion.[3]  (ECF No. 54 at 4.)  Having considered Yang's brief and

9    the relevant authorities, the undersigned finds that defendant Yang has standing to seek dismissal

10   even though he did not propound the discovery at issue in the undersigned's discovery orders.

11           In Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir. 1997), the Ninth Circuit reviewed a

12   case where the district court dismissed the entire action against two defendants due to the

13   plaintiffs' failure to comply with a discovery order, even though only one of the defendants

14   propounded the discovery at issue in the discovery order.  In addressing the plaintiffs' argument

15   that dismissal of the claims against both defendants was improper, the Payne court noted that

16   Federal Rule of Civil Procedure 37(b)(2)—which provides for terminating sanctions, see Fed. R.

17   Civ. P. 37(b)(2)(A)(v)—does not include a "standing limitation" that "limit[s] the district court's

18   dismissal authority to claims against the party who propounded discovery."  Payne, 121 F.3d at

19   510.  As such, "[u]nder Rule 37(b)(2), [a plaintiff's] willful and repeated violations of discovery

20   orders [gives] the district court authority to dismiss the entire 'action or proceeding.'"  Id.

21           The Payne court affirmed the district court's dismissal of the entire action based on the

22   plaintiffs' "failure to comply with court orders" relating to discovery and the corresponding

23   prejudice to both defendants.  Id.  Specifically, the Payne court determined the non-propounding

24   defendant was prejudiced by the plaintiffs' conduct because, in pertinent part, the defendant

25   "cooperated in [the propounding defendant's] later efforts to secure adequate responses ... and

26   joined in [the propounding defendant's] final motion to dismiss" for failure to comply with a

27

28   _____

     [3]  The court's order allowed plaintiff to file an optional reply, but he did not do so.  (ECF No. 54.)

3

1  discovery order.  Id.; see also Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1059 (9th

2  Cir. 1998) (affirming dismissal of entire action for failure to comply with discovery orders

3  relating to discovery propounded by only one defendant, as (1) the discovery "was important to

4  all the parties, because the claims were materially similar, and all the other parties were working

5  together on discovery with [the propounding defendant] taking the lead," and (2) the plaintiff's

6  "violations of court orders regarding discovery had seriously impaired the public interest in

7  expeditious resolution" of the case).

8          Similarly, in Coronado v. National Default Servicing Corporation, a fellow judge of this

9  district granted terminating sanctions to all defendants under Payne upon reconsideration of an

10  earlier motion dismissing only the propounding defendants.  No. 1:15-cv-1844 MCE SKO, 2017

11  WL 1356028, at *3–4 (E.D. Cal. Apr. 6, 2017).  Because the discovery requests "inquired into

12  subject matter relevant to common defenses," and the non-propounding defendant "intended to

13  rely on Plaintiffs' responses to the Discovery Requests," the court concluded that the plaintiff's

14  failure to comply with its discovery orders prejudiced both sets of defendants.  Id. at *4.

15          Here, defendant Yang argues that the discovery propounded by defendants Jones and

16  Scott sought information that would "benefit all of the defendants" in defending this case.  The

17  specific requests that Yang asserts are common to all defenses included:

18          (1) names of witnesses who had knowledge about the alleged incident [Defendant
              Jones' Interrogatory Nos. 1-3];
19

20          (2) computation of damages related to Plaintiff's alleged physical and emotional
              injuries [Defendant Jones' Interrogatory No. 4];

21          (3) documents that Plaintiff would use to support the claims in his complaint
              [Defendant Scott's RFP No. 1]; and
22

23          (4) written statements made about the allegations in the complaint [Defendant
              Scott's RFP No. 2].

24  (ECF No. 55 at 3-4 (citing ECF Nos. 46-2 and 46-3).)  The court agrees that plaintiff's failure to

25  respond to these requests prejudiced all defendants, particularly given the "materially similar"

26  nature of the medical indifference claims against defendants Jones, Scott, and Yang, see Valley

27  Eng'rs Inc., 158 F.3d at 1059, and Yang's stated intent to rely on the discovery.  Accordingly,

28  pursuant to Payne and its progeny, the undersigned finds that defendant Yang may seek

1     terminating sanctions pursuant to propounding defendants Jones' and Scott's motion.

2         **II.      Legal Standard**

3         Federal Rule of Civil Procedure 37(d) authorizes the court to impose sanctions when a

4     party fails to serve answers, objections, or written to properly served requests for inspection of

5     documents.  Fed. R. Civ. P. 37(d)(1)(A).  Rule 37(b) authorizes the imposition of sanctions for a

6     party's failure to "obey an order to provide or permit discovery[.]"  Fed. R. Civ. P. 37(b)(2)(A).

7     Under either subpart of Rule 37, the sanctions may include dismissal of the action.  Fed. R. Civ.

8     P. 37(d)(1)(A); Fed. R. Civ. P. 37(b)(2)(A)(v).  However, "[o]nly 'willfulness, bad faith, and

9     fault' justify terminating sanctions."  Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,

10    482 F.3d 1091, 1096 (9th Cir. 2007).

11        In addition to the willfulness, bad faith, and fault prerequisite, the Ninth Circuit has

12    "constructed a five-part test, with three subparts to the fifth part, to determine whether a case-

13    dispositive sanction under Rule 37(b)(2) is just: (1) the public's interest in expeditious resolution

14    of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party

15    seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the

16    availability of less drastic sanctions.  The sub-parts of the fifth factor are whether the court has

17    considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party

18    about the possibility of case-dispositive sanctions."  Conn. Gen. Life Ins. Co., 482 F.3d at 1096

19    (citations omitted).[4]

20    /////

21    /////

22
23    ---
      [4]  There are other sources of authority for sanctions in this context.  "District courts have the
      inherent power to control their dockets.  In the exercise of that power they may impose sanctions
      including, where appropriate, default or dismissal."  Thompson v. Housing Auth., 782 F.2d 829,
24    831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1961)).  However, a court
      may not rely on inherent authority to impose discovery sanctions not authorized by Rule 37.  See
25    Gregory v. Montana, 118 F.4th 1069, 1080 (9th Cir. 2024).  A court may also dismiss an action
      based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply
26    with local rules.  Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b); Local Rule 110;  Ghazali v. Moran,
      46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (citing United States v. Warren, 601 F.2d 471, 474
27    (9th Cir. 1979)) (dismissal for noncompliance with local rule); Malone v. United States Postal
      Serv., 833 F.2d 128, 133 (9th Cir. 1987) (dismissal for failure to comply with court order).
28

1    **III.    Discussion**

2        **A.  Willfulness, Bad Faith, and Fault**

3        The required showing of willfulness, bad faith, and fault "does not require a finding of

4    wrongful intent or any particular mental state."  Sanchez v. Rodriguez, 298 F.R.D. 460, 469 (C.D.

5    Cal. 2014).  Instead, "[d]isobedient conduct not shown to be outside the control of the litigant is

6    sufficient to demonstrate willfulness, bad faith, or fault."  Jorgensen v. Cassiday, 320 F.3d 906,

7    912 (9th Cir. 2003) (quotation omitted).

8        Here, defendants' motion and supporting documents establish plaintiff did not respond to

9    the court's order compelling his response to Jones' and Scott's discovery requests.  As the court

10   noted in its prior order (ECF No. 54 at 3-4), it appears from the Docket that plaintiff has not

11   participated in this action since the parties' settlement conference on April 23, 2024.  (See ECF

12   No. 35.)  Plaintiff has not submitted a change of address since then, and there is no indication on

13   the Docket that any of his mail was returned.  Accordingly, the requisite showing of "willfulness,

14   bad faith, and fault" is met here.  See Sanchez, 298 F.R.D. at 471 (finding "willfulness, bad faith,

15   and fault" in part where the court's discovery orders were "served upon plaintiff at his docket

16   address of record, and none of these documents has been returned by the U.S. Postal Service.").

17       **B.  Five-Factor Analysis**

18       The court next considers the Ninth Circuit's five-factor analysis.  The first two factors are

19   typically considered together "because they relate to docket-management issues that the district

20   court 'is in the best position' to assess."  Transamerica Life Ins. Co. v. Arutyunyan, 93 F.4th

21   1136, 1147 (9th Cir. 2024).  The court finds that the public's interest in expeditious resolution of

22   litigation and the court's need to manage its dockets weigh in favor of dismissal.  Nearly seven

23   months have passed since defendants Jones and Scott served their discovery requests and plaintiff

24   has shown no indication that he intends for fulfill his obligations.  The court's discovery order

25   advised plaintiff that his failure to comply may result in defendants moving for sanctions,

26   including terminating sanctions.  (ECF No. 49.)  At this point, it is clear that plaintiff has no

27   intent to engage in discovery and that granting him further opportunities would be futile.  See

28   Pagtalunan v. Galaza, 291 F.3d 639, 641 (9th Cir. 2002) ("Given [plaintiff's] failure to pursue the

1    case for almost four months, this factor weighs in favor of dismissal.").

2    The third factor, risk of prejudice to defendants, also weighs in favor of dismissal.  "To

3    prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to

4    proceed to trial or threatened to interfere with the rightful decision of the case."  Pagtalunan, 291

5    F.3d at 642.  The risk of prejudice is considered in relation to plaintiff's reason for defaulting.

6    Malone, 833 F.2d at 131.  Here, plaintiff has not given any explanation for his failure to comply

7    with his discovery obligations.  Defendants cannot move forward with filing a dispositive motion

8    or preparing for trial without plaintiff's completed discovery responses.  Therefore, the

9    undersigned finds that allowing this case to proceed would prejudice defendants.  See Adriana

10    Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990) ("Failure to produce documents as

11    ordered…is considered sufficient prejudice.").

12    The fourth factor weighs against dismissal, since "public policy strongly favors

13    disposition of actions on the merits."  Yourish v. California Amplifier, 191 F.3d 983, 992 (9th

14    Cir. 1999).  However, the court finds that this factor is greatly outweighed by the other factors

15    favoring dismissal of the action.  When "standing alone," the public policy favoring disposition of

16    actions on the merits "is not sufficient to outweigh the other four factors."  Leon v. IDX Sys.

17    Corp., 464 F.3d 951, 961 (9th Cir. 2006).

18    As to the fifth factor, the court finds that there is no lesser sanction that would bring about

19    plaintiff's participation in this action, let alone performance of his discovery obligations.  The

20    court has issued orders to show cause, warning of escalating sanctions, and ordered monetary

21    sanctions pursuant to Rule 37(a)(5)(A), all to no avail.  Evidentiary sanctions such as the

22    exclusion of evidence and testimony on subjects included in the discovery request or an order

23    deeming matters in the request for admission admitted would likely result in a judgment in

24    defendants' favor, and thus have the same practical effect as terminating sanctions.  The court,

25    however, agrees with defendants that the "less drastic" option of dismissal without prejudice is

26    appropriate here.  (ECF No. 53 at 5.)

27    In sum, the court finds that terminating sanctions are justified here where plaintiff has

28    taken no action to move his case in over a year and has not performed any of his discovery

7

1    obligations. "The only conclusion that can be drawn from plaintiff's cavalier behavior is that he

2    simply does not care about meeting his obligations as a plaintiff in this case and has no intent to

3    do so." Sanchez, 298 F.R.D. at 471. Accordingly, the undersigned recommends that the action

4    be dismissed without prejudice against all defendants.

5    　　　　　　　　　**C. Reasonable Expenses**

6    　　　　Finally, defendants Jones and Scott move for reasonable expenses.[5] (See ECF No. 53 at

7    6.) A court that imposes sanctions under Rule 37(b)(2)(A) "must" order the sanctioned party to

8    pay the reasonable expenses, including attorney's fees, incurred by the other party due to

9    noncompliance with a discovery order "unless the failure was substantially justified or other

10   circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

11   　　　　Although plaintiff's failure to participate in discovery was not substantially justified,

12   awarding reasonable expenses here would be unjust considering plaintiff's indigency.[6] Further,

13   the undersigned finds it would be unjust to impose monetary sanctions on top of recommending

14   terminating sanctions. See Reddy v. Precyse Sols., LLC, No. 1:12-cv-2061 AWI SAB, 2015 WL

15   3797297, at *10 (E.D. Cal. June 18, 2015) ("Defendant's request for additional monetary

16   sanctions should be denied as imposition of the dismissal sanction would make the award of

17   further monetary sanctions unjust"); report and recommendation adopted, No. 1:12-cv-2061 AWI

18   SAB (E.D. Cal. Jul. 16, 2015). Accordingly, defendants' request for reasonable expenses is

19   denied.

20   /////

21   /////

22   /////

23   /////

24

25   [5] Defendants move for reasonable expenses Rule 37(a)(5)(A). However, because defendants
     brought the instant motion under Rule 37(b), which governs failures to comply with court orders,
26   the applicable "expenses" provision is Rule 37(b)(2)(C), not 37(a)(5)(A).

27   [6] The court previously assessed reasonable attorneys' fees in the amount of $285.00 pursuant to
     Rule 37(a)(5)(A), but stayed enforcement pending a showing by defendants that plaintiff could
28   pay that amount. Defendants have not put forth that showing.

1                                  **CONCLUSION**

2         Accordingly, IT IS HEREBY ORDERED that defendant Yang's motion to compel (ECF

3    No. 50) is DENIED as moot.

4         IT IS HEREBY RECOMMENDED that defendants Scott's and Jones' motion for

5    terminating sanctions (ECF No. 53) be GRANTED and the action be dismissed without prejudice

6    against all defendants.

7         These findings and recommendations are submitted to the United States District Judge

8    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

9    after being served with these findings and recommendations, any party may file written

10   objections with the court and serve a copy on all parties.  Such a document should be captioned

11   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

12   objections shall be served and filed within fourteen days after service of the objections.  The

13   parties are advised that failure to file objections within the specified time may waive the right to

14   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15   DATED: June 6, 2025

16

17

18                                  SEAN C. RIORDAN
                                    UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28

                                          9